**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| LYNDO JONES,<br>    Plaintiff, | §<br>§<br>§ | |
| | § | CIVIL ACTION NO. 3:18-CV-00117-B |
| v. | §<br>§ | |
| | § | JURY TRIAL DEMANDED |
| | § | |
| CITY OF MESQUITE, TEXAS AND DERRICK<br>WILEY,<br>    Defendants. | §<br>§ | |

## PLAINTIFF'S SECOND AMENDED COMPLAINT

**TO THE HONORABLE UNITED STATES DISTRICT COURT:**

NOW COMES Lyndo Jones, plaintiff, complaining of Derrick Wiley ("Wiley") in his individual capacity as a Mesquite police officer and for cause would show the Honorable Court as follows:

### I.

### NATURE OF THE ACTION

1.  This is an action brought by the Plaintiff against Officer Derrick Wiley for his use of excessive force, unlawful arrest, unlawful detention and unlawful interrogation under the color of law in violation of Plaintiff's individual rights under the Fourth Amendment of the United States Constitution and in violation of his civil rights pursuant to 42 U.S.C. § 1983. For this civil rights violations and other causes of action discussed herein, Plaintiff seeks answers and compensation for Defendant Wiley's excessive force, damage and wrongful detention.

## II.

## PARTIES

2.   Plaintiff Lyndo Jones is a citizen of the United States and a resident of Arlington, Texas which is in Tarrant County, Texas.

3.   Defendant Derrick Wiley, upon information and belief, is a resident of Mesquite, Texas. At all relevant times, this Defendant was acting under color of law, that is, under the color of the statutes, ordinances, regulations, policies, customs and usages of Defendant City. Wiley is being sued in his individual capacity as an employee of the Mesquite Police Department. Wiley has been served and appeared in this case.

## III.

## JURISDICTION AND VENUE

4.   Jurisdiction exists in this court pursuant to 28 U.S.C. §§ 1331 and 1343 as this action is brought under, inter alia, the Fourth Amendment of the United States Constitution and 42 U.S.C. §1983, to redress the deprivation of rights, privileges and immunities guaranteed to Plaintiff by constitutional and statutory provisions.

5.   Venue is appropriate in the United States District Court; Northern District of Texas, Dallas Division, since Dallas County is the location of the events made the basis of this cause of action.

6.   Plaintiff timely filed a notice of claim with the City.

## IV.

## FACTUAL ALLEGATIONS

7.   On November 8, 2017, at approximately 9:00 p.m., Plaintiff, Lyndo Jones

("Jones), parked his motor vehicle in an available parking lot at or near the 1300 block of South Town East Boulevard while he safely searched for directions on his GPS device and settled down before heading home. At one point, an unidentified person approached Jones's vehicle and asked Jones if he needed help but he declined without incident.

8. Shortly thereafter Defendant Wiley reported to the location, allegedly responding to a 9-1-1 call concerning a distressed vehicle at the location. There was no report of a crime in progress. For no lawful reason, immediately upon his arrival to the scene, Defendant Wiley approached Jones's vehicle with his gun drawn and began shouting for Jones to "get out the fucking vehicle" and warned "[he'd] shoot [Jones] in the fucking face!"

9. Fearing for his life, Jones fully complied with the irate orders of Defendant Wiley, stepping out of his motor vehicle with his hands up in the universal surrender position. Defendant Wiley then commanded Jones to lay face down onto the pavement, to which Jones fully complied. Defendant Wiley then mounted Jones, applying his knee to Jones's back with such force that Jones believed his back would break. The weight of Defendant Wiley on Jones's back was so great, Jones could barely endure the pain, which resulted in broken ribs. Defendant Wiley then placed his gun to the back of Jones's head and repeatedly threatened to "fucking kill [him]" or "shoot [him] in [his] fucking face!"

10. Plaintiff, unarmed at all times, rolled over in order to relieve the pressure being applied to his back by Defendant Wiley. Wiley then grabbed Jones by his neck and placed his gun to his head while shouting "I will fucking kill you!" Jones, instinctively squirmed away from the repeated blows and threats of Defendant Wiley, slowly rising to his feet while continually showing signs of surrender by raising his hands and refraining from making any threatening or

sudden motions.

11. Fearing for his life, Jones put his hands up and begged Defendant Wiley not to shoot him. Defendant Wiley disregarded and ignored Jones's pleas and instead discharged his firearm striking Jones two times, at least once in the back, for no justifiable or lawful reason. Jones was not attempting to evade arrest, attack and/or harm Defendant Wiley or any other person at the time Defendant Wiley made the decision to use the deadly force. Defendant Wiley was fully aware that his use of excessive and deadly force would violate Jones's constitutional rights.

12. In defense of Defendant Wiley, and prior to performing a complete and thorough investigation, the MPD initially reported Jones initiated a scuffle with Defendant Wiley, which was not the truth.

13. Jones was taken to Baylor Medical Center where he had to undergo emergency surgery and was listed in critical condition. Although Jones had not committed a crime, he was unlawfully placed under arrest and chained to a hospital bed by the Mesquite Police Department.

14. On November 15, 2017, Jones was unlawfully interrogated by an officer with the Mesquite Police Department, despite the fact that he was fully aware that Jones was represented by counsel and despite invoking his right to counsel by stating "I have a lawyer … where is he?"

15 The Mesquite Police Department ratified the actions of Defendant Wiley by charging Jones with evading arrest days after he was shot by Defendant Wiley. Defendant Wiley has a known reputation for anger, hostility and brutality that Chief Cato, the City Council and Keheley, were or should have been aware of.

16. Defendant, the CITY OF MESQUITE, has a longstanding record of not providing its employees with adequate training and not preventing excessive force by Mesquite Police

officers. There is no evidence that Defendant Wiley or any other person were placed in fear of imminent harm or danger. There were no struggles or active resistance by Jones that would indicate that the use of excessive and deadly force was justified.

17. Defendant Wiley's unlawful and unwarranted acts, lack of training and the official customs or policies of the MPD caused Plaintiff's injuries.

18. Plaintiff would show that Defendant Wiley's actions were the result of, or within the scope of, wrongful and reckless customs, policies, practices and/or procedures of the MPD in regards to the use of excessive force for which the City, the City Council, City Manager Keheley and Chief Cato knew or should have known but never provided the requisite and proper training.

19. Moreover, no reasonably competent official would have concluded that the actions of Defendant Wiley described herein would not violate Jones's constitutional rights. In other words, no reasonably prudent police officer under similar circumstances could have believed that the Defendant Wiley's conduct was justified.

20. Further, Wiley's conduct violated a clearly established constitutional right—the right to be free from excessive force—that was established well before Wiley shot Jones. *See, e.g., Reyes v. Bridgewater,* 362 Fed. Appx. 403, 409 (5th Cir. 2009) ("The cases on deadly force are clear: an officer cannot use deadly force without an immediate serious threat to himself or others."). More specifically, the right to be free from the use of excessive force was clearly established under the particular circumstances presented to Wiley. *See Lytle v. Bexar Cty., Tex.,* 560 F.3d 404, 417–18 (5th Cir. 2009) ("It has long been clearly established that, absent any other justification for the use of force, it is unreasonable for a police officer to use deadly force against a fleeing felon who does not pose a sufficient threat of harm to the officer or others.").

21. Jones was thirty-one (31) years old at the time he was shot by Defendant Wiley.

Jones is the father of two daughters ages five (5) and eight (8) each of whom he regularly supports financially.

22. Jones was gainfully employed as a full time mill worker at General Magnaplate Corporation's Arlington, TX location at the time he was injured by Defendant Wiley.

23. Before this incident, Jones was in good health and could reasonably expect to continue his line of work, advancing in rank and wages, but for the physical limitations caused by Defendant Wiley's, actions. The injuries sustained by Jones are more particularly described herein, however included, *inter alia*, at least two gunshot wounds.

24. Jones's recovery has been fraught with multiple returns to emergency rooms to treat the residual effects of each bullet wound. Jones has been treated for multiple infections from his wounds and for pneumonia due to the after effects of the shrapnel exploding inside of his body, causing blood to enter his lungs. Jones's treating physicians were unable to remove all of the shrapnel and much remains in his body further complicating a full recovery. Jones has been informed by his doctors that his injuries are serious and permanent in nature.

25. As a direct and proximate result of the Defendant Wiley's conduct, Plaintiff has sustained substantial damages and pecuniary loss. For these losses, Jones seeks damages in a sum in excess of the minimum jurisdictional limits of the court.

## V. CAUSES OF ACTION

**A.  Cause of Action against Derrick Wiley under 42 U.S.C. §1983 for Violation of the Plaintiff's Fourth Amended Right to be free from excessive force.**

26. Plaintiff realleges and incorporate by reference, as though fully set forth here, each and every allegation set forth in the above Paragraphs.

27. This cause of action is brought pursuant to 42 U.S.C.A. § 1983 and the United States Constitution.

28. On or before November 8, 2017, Plaintiff possessed the rights guaranteed by the United States Constitution, including but not limited to the Fourth Amendment right against unlawful and unreasonable search, seizure, and excessive force by means of unwarranted threats, and the right to be free from unlawful detention and/or arrest by police officers acting under the color of law.

29. Plaintiff would show that at all times material hereto, Defendant Wiley had a duty to avoid infliction of unjustified bodily injury to Plaintiff, to protect his bodily integrity and to not trample on his constitutional rights.

30. Plaintiff would show that Defendant Wiley failed to act as a reasonable police officer would have acted in the same or similar circumstances.

31. On November 8, 2017, Defendant Wiley, without probable cause, assaulted, illegally seized, detained and/or arrested Plaintiff Lyndo Jones with reckless disregard of his civil rights, as set forth in detail in Plaintiff's factual allegations.

32. At the time of the described wrongful acts by Defendants, Plaintiff Jones was not engaged in any activity to warrant his unreasonable search, seizure, attack or unlawful threats under the color of law made against him. At the time of the wrongful acts by Defendant Wiley, Jones was not displaying any unreasonable behavior to justify being forced onto the ground,

have his ribs broken, assaulted with a firearm, unreasonably detained, and harassed by Defendant Wiley. .

33. The unreasonable search and seizure of Plaintiff was entirely unjustified by any of the actions of the Plaintiff, and constituted violations of his civil rights.

34. Defendant Wiley's actions were not objectively reasonable because he followed a procedure designed to inflict excessive force in restraining an individual in a non-life threatening situation.

35. The force used by Defendant Wiley was unnecessary, excessive and unreasonable under the circumstances, as Plaintiff did not pose an immediate threat to the safety of Defendant Wiley or to others, and did not require the use of such excessive force. Defendant Wiley embarked on a willful, malicious, reckless and outrageous course of conduct that was intended to cause and, in fact, caused Plaintiff to suffer extreme and severe mental and emotional distress, agony and anxiety.

36. Defendant Wiley acted specifically with the intent to deprive Plaintiff of the following rights under the United States Constitution:

    a. Freedom from excessive force;

    b. Freedom from unreasonable searches;

    c. Freedom from unreasonable seizures in the form of unlawful detention and/or arrest by police officers;

    d. Freedom from a deprivation of Liberty without due process of law;

    e. Freedom from summary punishment;

    f. Freedom from threat of harm under color of law; and

    g. Freedom to move about freely as a citizen of the United States of America.

37. Defendant Wiley subjected Plaintiff to the above mentioned deprivations by either actual malice, deliberate indifference, or reckless disregard for his rights under the United States Constitution and the laws of Texas.

38. Defendant Wiley acted at all times knowing that his conduct was unlawful and in violation of the Fourth Amendment and the laws of Texas. However, Defendant Wiley knew that Defendant City, acting through the chief policymaker, would ratify, condone, and acquiesce to his specific acts of intimidation and abusive conduct through unauthorized, yet established practices, customs and procedures and thus did not fear any repercussion from Defendant City in taking the unlawful action against Plaintiff.

39. By reason of the mentioned acts and omissions of Defendant, Plaintiff was caused to incur special damages, including medical expenses and loss of earnings, and general damages in an amount to be proved at trial.

40. By reason of the mentioned acts and omissions of Defendant, Plaintiff was required to retain counsel to institute and prosecute this action, and Plaintiff request payment by Defendants of a reasonable sum as and for attorney's fees pursuant to 42 U.S.C.A. § 1988.

41. The mentioned acts of Defendant Wiley were willful, wanton, malicious and oppressive, thereby justifying the awarding of exemplary and punitive damages as to the individually-named Defendant.

42. As a result of these Constitutional violations to Plaintiff and the injuries he sustained, Plaintiff seeks compensation as set forth more specifically in the section of this Complaint entitled "Damages."

B.     **Unlawful Seizure of a Person.**

43.    Plaintiff incorporate by reference paragraphs 1 through 42 as if fully set forth herein.

44.    Defendant Wiley, acting under color of law, unlawfully detained Plaintiff without probable cause, or reasonable suspicion that any violation or crime had been committed. Those actions give rise to Plaintiff's claims pursuant to the Fourth Amendment to the Constitution of the United States and 42. U.S.C. § 1983, and their counterparts in the Texas Constitution.

45.    Defendant Wiley violated Plaintiff's constitutional rights when he arrested and wrongfully detained Plaintiff. Plaintiff was placed in handcuffs and arrested, despite not committing a penal offense or being suspected of committing a crime.

46.    Plaintiff did not pose an immediate threat to the safety of the defendants or others. Plaintiff was not actively resisting arrest or attempting to evade arrest by flight. The officer's conduct was objectively unreasonable, resulted from a lack of training, and comported with the City of Mesquite' illegal de facto policies.

47.    As a result, Plaintiff suffered injuries, which resulted directly from his wrongful detention, and/or seizure that was objectively unreasonable and violation of clearly established law.

48.    As a result of these Constitutional violations to Plaintiff and the injuries he sustained, Plaintiff seeks compensation as set forth more specifically in the section of this Complaint entitled "Damages."

## DAMAGES

49. Plaintiff incorporate by reference paragraphs 1 through 48 as if fully set forth herein. Defendant's acts and/or omissions were a proximate cause of the following Injuries suffered by Plaintiff:

    a. Actual damages;

    b. Loss of wages;

    c. Loss of quality of life;

    d. Disfigurement;

    e. Punitive and exemplary damages against Defendant Wiley in an amount sufficient to deter and to make an example of Defendant;

    f. Pain and suffering;

    g. Mental anguish and emotional distress suffered by Plaintiff;

    h. Medical expenses;

    i. Pre- and post-judgment interest;

    j. Pursuant to 42 U.S. C. § 1988, and other applicable laws, Plaintiff should be awarded reasonable attorney's fees for the preparation and trial of this cause of action, and for its appeal, if required and costs of suit; and such other and further relief as this Honorable Court deems just and proper.

50. As a proximate result of defendant's actions, Plaintiff suffered and will continue to suffer a loss of life's pleasures, emotional distress, humiliation, psychological disturbance, loss of well-being, limitations and restrictions on his ability to engage in normal activities and

enjoy the normal activities and pleasures of life and other injuries, losses and damages.

51. As a proximate result of the actions of Defendant, Plaintiff will be prevented from performing his usual activities, avocations and duties.

52. As a proximate result of the actions of Defendant, Plaintiff incurred substantial medical expenses in the past and will incur substantial medical expenses in the future for surgery, hospitalization, rehabilitative care, mental health care, and other medical care and treatment in an attempt to treat each condition he has and will develop.

53. By reason of the actions and constitutional violations of Defendant as aforesaid, Plaintiff was caused to sustain personal injuries, including but not limited to multiple gunshot wounds, pneumonia due to those gunshot wounds, and mental health complications. These injuries have required Plaintiff to undergo significant rehabilitation to treat these injuries.

54. By reason of the actions and statutory violations of Defendant aforesaid, Plaintiff has been prevented from attending his usual and daily activities and duties, and may be so prevented for an indefinite time in the future, all to his great detriment and loss.

55. By reason of the actions of Defendant as aforesaid, Plaintiff has suffered physical pain, mental anguish and humiliation and he may continue to suffer same for an indefinite period of time in the future.

56. By reason of the actions and statutory violations of Defendant as aforesaid, Plaintiff daily employment activity has been interfered with, causing economic and non-economic damages thereby suffering a loss of earnings and/or impairment of earning capacity.

57. Plaintiff seeks unliquidated damages in an amount that is within the jurisdictional limits of the court.

## PUNITIVE/EXEMPLARY DAMAGES

58. Plaintiff incorporates by reference paragraphs 1 through 57 as if fully set forth herein. Additionally and in the alternative, the conduct of Defendant Wiley was done with malice. As such, Plaintiff requests punitive and exemplary damages to deter this type of conduct in the future. Such unconscionable conduct goes beyond ordinary negligence, and as such, Plaintiff requests punitive and exemplary damages be awarded against Defendants Wiley in a sum which is within the jurisdictional limits of this court.

## COSTS AND ATTORNEY FEES

59. Plaintiff incorporates by reference paragraphs 1 through 58 as if fully set forth herein. Plaintiff is entitled to an award of attorney fees and costs under 42 U.S.C. § 1988(b). As such, Plaintiff requests the Court to award costs and attorney's fees incurred in Plaintiff's prosecution of this litigation.

## CONDITIONS PRECEDENT

60. All conditions precedent to Plaintiff's recovery have been performed or have occurred.

## TRIAL BY JURY

61. Plaintiff has paid a jury fee and demands trial by jury.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein; that upon final trial hereof Plaintiff has and recovers judgment from Defendant; actual damages, exemplary damages, pre-judgment interest at the legal rate; interest on said judgment at the legal rate; costs of court; and such other and further relief, both general and special, at law and in equity, to which Plaintiff may show himself justly entitled.

Respectfully submitted,

By: /s/ Daryl K. Washington\
State Bar No. 24013714\
**WASHINGTON LAW FIRM, P.C.**\
325 N. St. Paul St., Suite 3950\
Dallas, Texas 75201\
214-880-4883\
214-751-6685-fax\
dwashington@dwashlawfirm.com

By: /s/ S. Lee Merritt\
S. LEE MERRITT\
State Bar No. PA 314891\
**MERRITT LAW FIRM, LLC**\
1910 Pacific Ave Suite 11500\
Dallas, TX. 75021\
888-647-3041\
888-339-2050 – fax\
slm@merrittatlaw.com

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I hereby certify that on March 14, 2019, the foregoing pleading was filed with the clerk of the court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to all attorneys of record who have consented in writing to accept this Notice as service of documents by electronic means.

                                                /s/ Daryl K. Washington_____
                                                DARYL K. WASHINGTON